The judgment of the court was pronounced by
Eustis, C. J.
The plaintiff sues the defendant for certain expenditures made by the late Edward Fuselier, of whose succession the plaintiff is administrator, upon .certain lots in New .Orleans, of which it is alleged the defendant was a co-pr.oprietor, and also one-seventh of the price of a slave, and a brand of cattle, which together with the lots, it is charged in the petition, were bought by the deceased, Edward Fuselier, in his own name, but, in point of fact, belonged .to .the defendant and six co-heirs, and were so purchased and held for their benefit. With these causes of action is joined a demand for one-twentieth part of a judgment recovered by the deceased against widow Vincent Ternan, whose heir for one-twentieth part of the succession the defendant is.
The district court gave judgment in favor of the plaintiff for the share of the price of the slave, and of the judgment, and the defendant has appealed.
The district judge considered that the plaintiff had not proved that the defendant was a co-proprietor of the lots in New Orleans. The evidence relied upon by the counsel to establish the fact, was certain proceedings in partition, had before the court of probates of Point .Conpé.e, in 1842. But the defendant was a man-ied woman and absent, and was no party to these proceedings, which cannot be considered as evidence against her.
The interest of the defendant in the slave was held to be proved by the witness, who acted as crier at the sale at auction, at which the slave was purchased. This evidence was objected to by the counsel for the defendant. The bill of exceptions taken to the admission of testimony of this witness, embraces also the parol testimony upon which the interest of the defendant in the lots is attempted to be established. The testimony went to prove an understanding among the heirs, that the deceased, Edward Fuselier, should buy and hold certain immoveable property, for their benefit. The titles were in the name of the co-heir, Edward Fuselier, to whom the adjudication was made, and parol evidence was not admissible, to show a simulation in the title, or an agency to make the purchase. Dabadie v. Poydras, 3 Ann. 154. Seaton v. Sharkey, 3 Ann. 333. Stevens v. Wellington, 1 Ann. 73. But, independent of this testimony, there is a fact which we consider conclusive against the right of the plaintiff, to claim from the defendant any portion of the price of the slave, and that is, that she was sold with the effects of the succession of Edward Fuselier, in 1841. This of itself defeats any claim against the defendant, depending on her having a right of property in the slave.
*133 With regard to the judgment against the defendant’s grandmother, Mrs. Ternan, of whom she is one of the heirs, as she is also an heir of Edward Fuselier, whose succession is the plaintiff in this suit, and as that succession is solvent, there is nothing before us on which we can adjudge the defendant to pay. to the administrator what she may have the right to exact as heir.
The judgment of the district court is therefore reversed, and judgment rendered for the defendants absolutely for the expenditures on the lots, and the share of the price of the slave; and for the portioifafof the judgment against Ternan, as in case of non-suit, the plaintiff paying cults in both courts.